UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN D. PORTER, | Case No.: 2:19-cv-01238-APG-NJK |
| Plaintiff | **Order** |
| v. | |
| JAMES DZURENDA, et al., | |
| Defendants | |

Plaintiff Justin Porter is in the custody of the Nevada Department of Corrections (NDOC). He has filed an amended[1] civil rights complaint under 42 U.S.C. § 1983, an application to proceed *in forma pauperis*, and a motion for appointment of counsel. ECF Nos. 1, 6, 7. I now screen Porter's first amended complaint under 28 U.S.C. § 1915A and address the application and motion.

**I.     APPLICATION TO PROCEED *IN FORMA PAUPERIS***

I find Porter is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915. I therefore grant his application to proceed *in forma pauperis*. Porter will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] An amended complaint replaces an earlier complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, the operative complaint here is the first amended complaint (ECF No. 6).

*See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In

making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

////

**III.     SCREENING OF FIRST AMENDED COMPLAINT**

Porter sues Correctional Officer Shepard, Sergeant Owens, and Medical Director Dr. Michael Minev for events that allegedly occurred while he was incarcerated at High Desert State Prison (HDSP).[2] ECF No. 6 at 1-2. He also sues a Jane Doe Nurse and a John Doe #3 Doctor.[3] Porter alleges four Eighth Amendment claims and seeks damages and declaratory relief. *Id.* at 10, 14.

The facts alleged by Porter sound in negligence, but negligence is not a basis for establishing a constitutional claim. Although it is possible that Porter may be able to state a claim for negligence under state law,[4] a state law claim is not a basis for establishing a colorable § 1983 claim. If Porter wishes to pursue a negligence claim against the state officials he has named in this action, he must do so in state court.

**A.  Claim 1**

Claim 1 alleges the following: On September 23, 2018, in accordance with administrative policy or procedure at HDSP, Correctional Officer Shepard was assigned to provide security,

---

[2] Porter refers to Correctional Officer Shepard as John Doe # 1 and Sergeant Owens as John Doe # 2. *Id.* at 1-2. Apparently, this is because Porter does not know the first names of these defendants.

[3] As a general rule, the use of "Doe" pleading to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, there are situations "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Id.* Therefore, if a plaintiff adequately describes the Doe defendant so the identity of that person can easily be learned through discovery and if the plaintiff alleges specific acts by that particular Doe defendant that state a colorable claim against that Doe defendant, the court can later permit the plaintiff to engage in discovery to attempt to learn the name of that particular Doe defendant. *Id.* at 642-43. A case cannot proceed without a named defendant being served. Therefore, even when a plaintiff states a colorable claim against a Doe defendant, the plaintiff must move to substitute that person's real name before the complaint can be served on that person.

[4] I express no opinion on the merits of any such claim.

4

escort, or supervision to Porter and other inmates while en route to and from the cafeteria and in the cafeteria. ECF No. 6 at 4. While in the cafeteria, Porter slipped and fell and seriously injured his back due to a large puddle of water that had accumulated as a result of a pipe leaking from the ceiling of the cafeteria. *Id.* Shepard entered the cafeteria through the exit door, and that path placed him within a few feet of the water with nothing obstructing his view. *Id.* "As the cafeteria security and or supervisor," Shepard failed to take necessary measures to warn or protect Porter from "foreseeable injuries," subjecting Porter to unnecessary and wanton infliction of pain and suffering. *Id.* Porter concludes that this was deliberate indifference to his safety, in violation of the Eighth Amendment. *Id.*

In the order screening the original complaint, I explained the following law concerning Eighth Amendment claims for deliberate indifference to unsafe conditions.[5] The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, prison officials have a duty to ensure that prisoners are provided with personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To challenge the conditions of confinement under the Eighth Amendment, a plaintiff must meet both an objective and subjective test. *Id.*

The objective prong requires a showing that the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

---

[5] ECF No. 4 at 4-5.

As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id*. at 837. Mere negligence is not sufficient to show a violation of the Eighth Amendment. *Id.* at 835-36.

Furthermore, a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, a person may not be held liable merely based on that person's position within the NDOC.

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable, deliberately indifferent action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates. *Id*. at 1207. There must be a sufficient causal connection between his or her wrongful conduct and the Constitutional violation. *Id*.

In the order screening the original complaint, I dismissed the claims based on the allegations concerning Porter's fall, finding that Porter had failed to state a colorable claim against any defendant. ECF No. 4 at 4. I explained that Porter had not alleged facts sufficient to show that any defendant was aware of the puddle of water on the floor but nevertheless unreasonably chose not to remedy the danger and caused Porter's injuries. *Id.* I advised Porter that if he chose to amend this claim, he must allege facts sufficient to show that each particular defendant was aware of the puddle of water on the floor, believed it posed a danger, but unreasonably chose not to address that danger, causing Porter injuries. *Id*. at 4-5. I also explicitly warned Porter that conclusory, vague, and speculative allegations would not be sufficient, and that allegations that a defendant should have known of the puddle or other allegations of negligence also would not be sufficient. *Id.* at 5. In addition, I advised Porter that allegations that a defendant held a particular position in the NDOC would not be sufficient. *Id.*

Porter alleges sufficient facts to show a serious unsafe condition: the puddle of water. To the extent Porter is attempting to state a claim against Correctional Officer Shepard based on a breach of his duties, those allegations are not sufficient to state a colorable Eighth Amendment claim. Porter alleges facts that might be sufficient to show that Shepard *should have* been aware of the puddle of water, *should have* realized that it was a danger to inmates such as Porter, and *should have* realized that action should be taken to protect Porter from the risk of injury. But such allegations sound in negligence and are not sufficient to allege deliberate indifference by Shepard.[6] It is not enough that a prison official objectively *should have* recognized the risk but did not. *Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir. 2001). Porter does not allege facts

---

[6] If Porter wishes to pursue a claim for negligence, he must do so in an action in state court. He may not pursue such an action in this court.

sufficient to show that Shepard believed that there was a risk to inmates such as Porter and made the deliberate and intentional decision not to protect Porter from such a perceived risk. I therefore dismiss this claim with prejudice, as amendment would be futile.

### B. Claim 2

Claim 2 alleges the following: On the day Porter slipped and fell, Sergeant Owens and several subordinates were assigned to provide security and supervision in the cafeteria. ECF No. 6 at 5. Porter slipped and fell and seriously injured his back due to a large puddle of water that had accumulated as a result of a pipe leaking from the ceiling of the cafeteria. *Id.* Nobody had made Porter aware of the water and there were no warning signs. *Id.* While Porter was laying on the floor, he heard Sergeant Owens say: "I thought they would had been smart enough to walk around the damn water." Owens's duties included properly inspecting the cafeterias to ensure that each was clear, clear, and safe for inmates. *Id.* Owens failed to take necessary measures to warn and protect Porter from foreseeable injuries, subjecting Porter to unnecessary and wanton infliction of pain and suffering. *Id.* at 5-6. Porter concludes that this was deliberate indifference to his safety, in violation of the Eighth Amendment. *Id.*

Porter alleges facts that would be sufficient to show a serious unsafe condition: the puddle of water on the floor. To the extent Porter is attempting to state a claim against Owens based on a breach of his duties, he does not allege sufficient facts to make out a claim of deliberate indifference. Although Porter alleges facts that might be sufficient to show that Owens should have been aware that there was a puddle of water that was a danger to inmates, and should have realized that action should be taken to protect Porter from the risk of injury, such allegations sound in negligence and are not sufficient to allege deliberate indifference by Owens. Porter does not allege facts sufficient to show that Owens believed that action was

necessary to protect Porter from a perceived risk and made the deliberate and intentional decision not to do so. I therefore dismiss this claim with prejudice, as amendment would be futile.

### C. Claim 3

Claim 3 alleges the following: after Porter fell in the cafeteria, he was taken to the prison's infirmary for medical treatment. ECF No. 6 at 7. Nurse Jane Doe conducted a cursory examination of Porter's back. *Id.* Porter was given a prescription of ibuprofen that had no effect on the excruciating pain he was experiencing. *Id.* Porter also was given an ice pack and advised to do back exercises. *Id.* Porter inquired into the extent of his back injury and Nurse Jane Doe's diagnosis. *Id.* She responded that she did not know what was wrong with Porter's back. *Id.* Under the aid of correctional officers, Porter was ordered to return to his cell. *Id.* The examination, treatment, and lack of medical care "fell far below the prudent standard of professional medical requirements." *Id.* Nurse Jane Doe was not trained or qualified to examine Porter and issue medication or advice regarding Porter's severe back injury. *Id.* at 7-8. Porter asserts that this constitutes deliberate indifference to Porter's serious medical need, denying him reasonably adequate medical care. *Id.* at 8.

Claim 3 further alleges that on September 24, 25, and 26 of 2018, Porter was suffering from excruciating pain in his lower back and would not walk to the prison cafeteria to eat any meals. *Id.* On September 26, Porter initiated an inmate grievance. *Id.* On September 28, October 5, November 15 and 27, and December 3, Porter requested medical treatment through inmate requests forms. *Id.* Porter initiated a second inmate grievance because of the pain. *Id.* Porter has been experiencing pain constantly since his cursory examination and lack of professional diagnosis, treatment, and advice ordered and rendered by Nurse Jane Doe. *Id.* Medical Director Michael Minev heads the medical department for the NDOC and has the powers to supervise his

subordinates and to monitor the medical care being provided to inmates and to make policies and procedures to rectify anything that falls short of reasonable and prudent professional standards. *Id.* Porter concludes that Minev has created or furthered medical practices allowing Nurse Jane Doe to examine and prescribe medical advice to inmates such as Porter, against prudent professional medical standards and requirements, making him deliberately indifferent to Porter's serious medical needs, denying Porter reasonably adequate medical care. *Id.* Porter concludes that this alleged conduct violated his Eighth Amendment rights. *Id.* at 7.

As stated above, a prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer*, 511 U.S. at 828. "[T]he plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). The plaintiff must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc).

Thus, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Additionally, "[a] difference of opinion between a

prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a disagreement about a course of medical treatment amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Furthermore, prison officials who know of a substantial risk to an inmate's health and safety are liable only if they responded unreasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844. What is reasonable depends on the circumstances, including the defendant's authority, capabilities, and resources. *Peralta*, 744 F.3d at 1084-1085 (holding that merely placing a patient prisoner on a waiting list was not sufficient to show deliberate indifference where plaintiff did not show that defendant had resources to see him sooner or that defendant believed that plaintiff needed to be seen before other patients waiting for medical care).

As discussed above, a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor*, 880 F.2d at 1045. Thus, for each defendant, regardless of that person's position in the NDOC, a plaintiff must allege facts sufficient to show that the particular defendant was deliberately indifferent and caused the plaintiff harm. *Starr*, 652 F.3d at 1206-07.

In the order screening the original complaint, I found that Porter failed to state a colorable Eighth Amendment claim based on his allegations concerning medical care for his back.[7] I

---

[7] ECF No. 4 at 9.

1 determined that Porter had not alleged facts sufficient to show that any defendant knew of his
2 medical condition, believed that he needed different treatment, had the knowledge, authority and
3 resources to provide that treatment, but unreasonably chose not to provide that treatment, causing
4 Porter harm.[8]  I gave Porter leave to amend his Eighth Amendment claim and informed him that,
5 if he chose to amend the claim, for each defendant he must allege facts sufficient to show that the
6 particular defendant knew of his medical condition; believed he needed specified medical
7 treatment; had the authority, resources, and knowledge to provide that treatment; but
8 unreasonably denied Porter that treatment, resulting in specified harm.[9]  I advised Porter that
9 conclusory, vague, and speculative allegations would not be sufficient and that allegations that a
10 defendant should have believed something or was otherwise negligent also would not be
11 sufficient.[10]  I also advised Porter that allegations that a defendant held a particular position in
12 the prison or the NDOC would not be sufficient.[11]

13   Porter fails to state a colorable claim for deliberate indifference to serious medical needs.
14 He alleges a serious medical need: his back injury.  But he fails to allege deliberate indifference
15 by either Nurse Jane Doe or Dr. Minev.  Porter merely alleges that Nurse Jane Doe fell below
16 "the prudent standard of professional medical requirements" and was not adequately trained or
17 qualified to examine and treat him.  These allegations sound in negligence.  They are not
18 sufficient to allege deliberate indifference by Nurse Jane Doe.  Similarly, conclusory allegations
19 that Dr. Minev allowed Nurse Jane Doe to provide such inadequate care and therefore acted in
20 ways that were against prudent professional medical standards and requirements is not sufficient

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

to adequately allege deliberate indifference.  Alleging that Dr. Minev can supervise and monitor subordinates is not sufficient to allege deliberate indifference by him.  A failure to train or supervise subordinates is insufficient to establish that supervisors acted unconstitutionally. *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010).  Porter does not allege facts sufficient to show deliberate indifference by Nurse Jane Doe or Dr. Minev.  I therefore dismiss Claim 3 with prejudice, as amendment would be futile.

### D.  Claim 4

In claim 4, Porter alleges that on February 12, 2019, Dr. John Doe # 3 gave him a cursory examination, then made entries in his medical file and prescribed and x-ray and ibuprofen, which had no effect on the pain. ECF No. 6 at 10.  Porter inquired into the extent of his injury, and Dr. John Doe # 3 stated that he would make a diagnosis after he read the x-ray. ECF No. 6 at 10.  The x-ray was completed, and Porter has not been able to obtain a diagnosis. *Id.*  Porter is still experiencing excruciating pain while being denied medical treatment beyond cursory examinations and ibuprofen. *Id.*  Dr. John Doe has access to Porter's medical file, which has many communications informing the HDSP medical staff of the pain Porter is experiencing due to Porter's back injury. *Id.* at 11.  Porter concludes that Dr. John Doe # 3 has "knowingly ignored Porter's pleas for help" and has subjected Porter to the unnecessary and wanton infliction of pain by failing to provide him with a diagnosis and by failing to order a back specialist to further examine or treat Porter, making Dr. John Doe # 3 deliberately indifferent to Porter's serious medical needs, denying him reasonably adequate medical care. *Id.*

In claim 4, Porter further alleges that Medical Director Michael Minev heads the medical department for the NDOC and is vested with the powers to supervise his subordinate's, monitor the medical care being provided to inmates in the NDOC, and make policies and procedures and

rectify anything that falls below reasonable and prudent professional standards. *Id.* Porter concludes that Minev "has created and or furthered medical practices administered by Dr. John Doe # 3" and is failing to properly monitor, supervise, and or allow his subordinate, including Dr. John Doe, to examine and prescribe medication below a reasonable professional medical standard and requirement, making him deliberately indifferent to Porter's serious medical needs, denying Porter reasonable medical care. *Id.* Porter concludes that this conduct violated his Eighth Amendment rights. *Id.* at 10.

Porter fails to state a colorable Eighth Amendment claim for deliberate indifference to serious medical needs. He alleges a sufficiently serious medical need: his back injury. But Porter again does not allege facts that would be sufficient to show anything beyond negligence by either Dr. John Doe or Dr. Minev. Allegations that Porter's medical care fell below a reasonable professional medical standard, or that there was insufficient monitoring and supervision, are not sufficient to allege deliberate indifference. Conclusory allegations of denial of care are insufficient. Allegations that a defendant had access to Porter's medical files are not sufficient to show anything beyond negligence. I therefore dismiss this claim with prejudice, as amendment would be futile.

### IV.     MOTION FOR APPOINTMENT OF COUNSEL

Like many prisoners, Porter has filed a motion for appointment of counsel. ECF No. 7. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether

1 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. Here, there are no exceptional circumstances that warrant the appointment of counsel. Therefore, I deny the motion for appointment of counsel.

**V.     CONCLUSION**

I THEREFORE ORDER that Porter's application to proceed *in forma pauperis* **(ECF No. 1) is GRANTED**. The Clerk of Court shall file the first amended complaint. ECF No. 6. Porter is not required to pay an initial installment fee. Nevertheless, the full filing fee is still due under 28 U.S.C. § 1915 as amended by the PLRA, even though this action is dismissed.

I FURTHER ORDER that, based on 28 U.S.C. § 1915, as amended by the PLRA, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Justin D. Porter, #1042449 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

I FURTHER ORDER that the operative complaint is the first amended complaint (ECF No. 6).

I FURTHER ORDER that the first amended complaint **(ECF No. 6) is dismissed** with prejudice, as amendment would be futile.

I FURTHER ORDER that the motion for appointment of counsel **(ECF No. 7) is denied**.

I FURTHER ORDER the Clerk of Court to enter judgment accordingly and close this case. No other documents shall be filed in this closed case.

I FURTHER ORDER that any *in forma pauperis* appeal from this order would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

Dated: August 31, 2020

_____
U.S. District Judge